IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

---oooOooo---

| | |
|---|---|
| ZONE D'EROTICA, INC., a Nebraska Corporation, | : |
| Plaintiff, | : CASE NO. |
| vs. | : |
| CITY OF COLLINSVILLE, ILLINOIS, and MITCHELL BAIR, | : |
| Defendants. | : |

---oooOooo---

# COMPLAINT

COMES NOW the Plaintiff and complain of Defendants, and for causes of action alleges as follows:

## PARTIES

1. Plaintiff is a Nebraska Corporation, registered to do business in the State of Illinois, and is the owner of Doctor John's, a store to be located at 122 North Bluff Rd, Collinsville, Illinois, 62234. Plaintiff's business sells, among other things, presumptively protected First Amendment materials.

2. Defendant City of Collinsville is a political subdivision of the State of Illinois.

3. Defendant Mitchell Bair is the City Manager of the City of Collinsville.

JURISDICTION AND VENUE

4. This Complaint seeks declaratory and injunctive relief to prevent violations of Plaintiff's rights, privileges and immunities under the Constitution of the United States and 42 U.S.C. § 1983, specifically seeking redress for the deprivation under color of State statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured by the Constitution and laws of the United States. The rights sought to be protected in this cause of action arise and are secured under the First, Fifth and Fourteenth Amendments to the United States Constitution.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; and has additional jurisdiction under 28 U.S.C.§ 1343(a)(4), granting the District Court jurisdiction to award damages, equitable and other relief under any act of Congress in providing

for the protection of civil rights. The Court has jurisdiction and power to issue injunctions pursuant to Rule 65 F.R.C.P.

6. Venue is proper in the Southern District, since the conduct complained of herein occurred within, and all parties are residents of, or have their principal place of business in, or are doing business in the City of Collinsville, Madison County, State of Illinois, located within the Southern District of Illinois.

7. This action seeks a judicial determination of issues, rights and liabilities embodied in an actual and present controversy between the parties involving the constitutional validity and application of certain Collinsville licensing ordinances. There are substantial bona fide disputes and questions to be resolved concerning provisions of the Collinsville City ordinance which allegedly apply to Plaintiff's business.

8. Plaintiff seeks to obtain preliminary and permanent injunctions enjoining Defendant City from enforcing any restrictive zoning ordinances, business ordinances and/or

building code ordinances which act to prohibit the operation of a business operated by Plaintiff in areas properly zoned for such businesses.

9. Plaintiff further seeks a declaratory judgment specifically finding any regulations or ordinances designed to prohibit Plaintiff from operating a business in a properly zoned area of the City of Collinsville, unconstitutional. Further, Plaintiff seeks a declaration of unconstitutionally against any zoning ordinance, business licensing ordinance or building code ordinance which effectively prohibits Plaintiff from operating a lawfully and constitutionally protected business in a proper area of Defendant City. Such ordinances and regulations deny Plaintiff's substantive and procedural due process in that they unduly interfere with the use of real property, cause deprivation of a protected use, and are arbitrary, capricious, unreasonable and unrelated to any legitimate State interest. Plaintiff further seeks relief based on the denial of equal protection, privacy, and access to Courts (for prompt judicial review).

10. Plaintiff further seeks a declaratory judgment specifically finding that agents of Defendant City have arbitrarily and capriciously denied Defendant a business license, and/or building and occupancy permit even after Plaintiff has agreed to fully comply with the regulatory Ordinances of the City. Such arbitrary and capricious actions by agents of the Defendant City are for the sole and express purpose of imposing censorship upon Plaintiff, and are designed to prohibit Plaintiff from operating a business in a properly zoned area of the City of Collinsville. Such ordinances and regulations deny Plaintiff's substantive and procedural due process in that they unduly interfere with the use of real property, cause deprivation of a protected use, and are arbitrary, capricious, unreasonable and unrelated to any legitimate State interest. Plaintiff further seeks relief based on the denial of equal protection, privacy, and access to Courts (for prompt judicial review).

STATEMENT OF FACTS

11. Plaintiff Zoned d'Erotica, Inc., is the owner of Doctor John's store, a retail establishment which sells, among other

things, presumptively protected First Amendment materials, including videotapes, magazines, DVD's and books which depict or describe nude or partially clothed persons and/or sexual activity.

12. Plaintiff's business also sells other items which may be labeled by some as "adult" in nature, including lubricants and "adult novelties", further described below.

13. Plaintiff's business also includes a substantial assortment of items which are not classified as "adult items", including lingerie, swimwear, other clothing articles, shoes, oils, lotions, candles, and other novelty items.

14. At the time this action was originally commenced, § 5.60.020 of the Collinsville City code, included definitions of certain classes of business, as follows:

> *Adult bookstore* means any commercial establishment that does not otherwise qualify as an adult theater or nonprofit free lending library, and
>
> > A. Has five (5) percent or more of its stock on the premises, or has five (5) percent or more of its stock on display, in stores, periodicals, photographs, drawings, sculpture, motion pictures, films or other visual presentations which depict nudity, sexual

activities, sexual areas or sadomasochistic abuse, sexual excitement;

*Adult entertainment business* means any enterprise which features, for money or any other form of consideration one(1) or more of the following:

A. Adult live entertainment:

B. An adult motion picture theater;

C. An adult arcade;

D. An adult bookstore;

E. A cabaret;

F. An adult motel.

*Nude, nudity, or state of nudity* means the appearance of less than complete or opaque covering of the anus, genitals, pubic region, buttocks, or areola of the female breast, or any artificial depiction of the same.

"*Sexual activity*" means any one of more of the following:

A. The fondling or other intentional touching of human genitals, pubic region, buttocks, anus, female breasts or artificial depiction of the same;

B. Sex acts, normal or perverted, actual or simulated, including intercourse, oral copulation or sodomy;

C. Masturbation, actual or simulated;

D. Excretory functions as a part of or in connection with any of the activities set forth in Subsections A through C of this definition.

*Sexual area* means the genitalia, pubic area, buttocks, or anus of any person and the breasts of any female person.

15. On or about October 26, 2016, Plaintiff filed a Business License Application with Defendant City on the form required of all business license applicants. It identified the business as a retail business selling clothing and accessories.

16. On December 5, 2016, Defendant Mitchell Bair sent a letter to Plaintiff indicating that the business was deemed by the City to be an "Adult Entertainment Business", and that it would have to file a specific application form to do business as such an entity.

17. Efforts of Plaintiff and it agents to explain that the business was not properly categorized as an "Adult Entertainment Business" were rebuffed by Defendants, who insisted that Plaintiff was an Adult Entertainment Business, even without viewing its business plan, its proposed business operations, or its inventory. Therefore, Defendants have refused to accept or

grant Plaintiff's Application to do business at the location above.

18. Plaintiff does not offer any form of live entertainment; does not operate any form of motion picture theater; does not operate any form of arcade; does not operate any form of cabaret; and does not operate any form of motel. Thus, the only category of "Adult" entity which could possibly apply to Plaintiff is that of "Adult bookstore."

19. The amount of stock in trade, which is, or may be, covered by the definitions set forth above, sold by Plaintiff, or stocked for sale, is less than the amount required to designate Plaintiff's business as an adult book store or an adult entertainment business. Plaintiff has specifically pledged not to exceed the percentage allowances set by the Collinsville City Ordinance, even though Plaintiff firmly believes that the requirements and limitations of the Ordinance are invalid for reasons set forth in this Complaint.

20. The location of Plaintiff's business is within a commercially zoned area, and the business complies with all zoning, licensing, and business code ordinances.

21. The insistence by Defendants and their agents that Plaintiff operates, or will operate, an "Adult Entertainment Business", are without foundation in fact or in law; and constitute an arbitrary and capricious attempt by Defendants to deprive Plaintiff of its First Amendment Right to do business in Defendant City and to even attempt to comply with the ordinances of the Defendant City.

22. Businesses which fall under the definitions set forth above are required by the ordinance to obtain a special Adult Entertainment Business licenses. Such a license, pursuant to § 5.60.050 of the ordinance, requires a background check of the owners, a diagram of the business property, and other formalities not required of other business license applicants. The Business License Fee is also greater than that for other business operating in the City.

23. Businesses which are issued "Adult Entertainment Establishment" licenses are subject to particularized regulation, including allowing inspections of the business property and the books(§ 5.60.210); hours of operation (§ 5.60.170); Individual licensing of managers (§§ 5.60.080, 5.60.090); warning signs concerning conduct on the premises (§ 5.60.250); and layout of the (§ 5.60.060)business premises and the conduct of employees (§ 4.75. 140 and 150). Such requirements have no relevance to Plaintiff's business, and create an unconscionable burden on Plaintiff's business.

FIRST CAUSE OF ACTION

24. Plaintiff realleges Paragraphs 1-23 above as though they were fully set forth herein.

25. The arbitrary actions of Defendants in refusing to allow Plaintiff to even apply for a general business license in the City have denied Plaintiff it rights to free speech under the First and Fourteenth Amendments to the U.S. Constitution, and have also denied Plaintiff Due Process of Law and the Equal

Protection of the Laws under the Fifth and Fourteenth Amendments to the U.S. Constitution.

26. Defendants have failed to respond in any meaningful way to Plaintiff's Business License Application or to formally deny such an application so as to allow Plaintiff to appeal or otherwise contest the failure to grant the license applied for.

27. Further, Defendants have worked through City agents in the Department of Building and Inspections to arbitrarily and capriciously prohibit Plaintiff from making alterations in the building owned by Plaintiff for the purpose of doing business there.

28. The actions of Defendants and their agents are for the purpose of imposing censorship and prohibiting Plaintiff from exercising its constitutional rights without allowing Plaintiff access to administrative review or the courts.

SECOND CAUSE OF ACTION

29. Plaintiff realleges Paragraphs 1-28 above as though they were fully set forth herein.

30. The ordinance and its punitive provisions aimed at Plaintiff's business, lacks a rational basis in that it deprives Plaintiff of Equal Protection of the Law, it fails to target "secondary effects", and it does nothing to protect minors from inappropriate material.

31. Plaintiff, in selling material as described above, has standing to assert the general right of privacy of its customers, and the right of sexual privacy of those persons, both married and unmarried, who have a right to purchase such items free from government interference in their personal and private affairs. Such a right to be free of government interference in the most personal of matters has been declared by the U.S. Supreme Court (in Lawrence v. Texas, 539 U.S. 558, 123 S.Ct. 2472 (2003)) to be encompassed in the Constitutional right of Substantive Due Process. See also Stanley v. Georgia, 394 U.S. 557 (1969).

32. Plaintiff's rights under the United States Constitution have been violated in that the actions of the City of Collinsville:

a. Abridge and restrain Plaintiff's rights to free expression as guaranteed by the First and Fourteenth Amendments of the United States Constitution;

b. Constitute a prior restraint on such expression;

c. Constitute an impermissible "chilling effect" on constitutionally protected speech and expression;

d. Deny equal protection of the law in that legislation and enforcement is arbitrary, oppressive and capricious and requires Plaintiff to submit to controls not imposed on other similarly situated businesses;

e. Are arbitrary and capricious as applied to the individual business;

f. Are an unlawful exercise of the State's police power in that there is no substantial relationship to the protection of the public health and welfare or any legitimate governmental objective and are based on an improper predicate;

g. Are vague and indefinite and fail to set out distinct criteria, thus leaving persons of common intelligence to guess as to the meaning and differ as to its application;

h. Unconstitutionally infringe on Plaintiff's rights to free association;

i. Impermissibly delegate legislative and judicial authority to administrative employees;

j. Constitute an unlawful and unauthorized taking of private property without just compensation, without due process of law, and without a public purpose, in violation of the Fifth Amendment to the United States Constitution;

k. Lack adequate procedural safeguards and fail to provide for prompt judicial review.

l. Manifest an improper purpose in that the ordinances, rules and regulations are not content-neutral and are not unrelated to the suppression of free speech;

m. The restrictions on the First Amendment freedoms are overbroad and far greater than are essential to the furtherance of any alleged governmental interest;

n. Fail to leave open "adequate alternative avenues of communication".

33. All conditions precedent to the institution and maintenance of this cause of action have occurred or have been performed.

34. Plaintiff has no adequate remedy at law. No amount of money damages could adequately compensate Plaintiff for the irreparable harm described herein. Plaintiff in this case wishes to exercise its constitutional rights which are guaranteed to it under the First Amendment to the United States Constitution. Neither damages, replevin, attachment, nor any other legal remedy will suffice to safeguard the exercise of those rights. Plaintiff, its agents, employees, patrons, and the public at large will suffer irreparable injury if injunctive relief is not granted, and if Defendant City of Collinsville City is permitted to arbitrarily and capriciously enforce rules, regulations and ordinances at issue herein. The loss of rights guaranteed by the First Amendment is so serious that, as a matter of law, irreparable injury is presumed and, in such an instance involving the loss of First Amendment rights, damages are both inadequate and unascertainable.

35. The public interest would best be served by the granting of injunctive relief; and the public interest is disserved by permitting the enforcement of invalid rules, regulations and ordinances which interfere with the public's rights under the First Amendment to the United States Constitution.

THIRD CAUSE OF ACTION

36. Plaintiff realleges and incorporates paragraphs 1-35 above as if fully set forth herein.

37. The licensing and zoning provisions of the ordinance have no rational relationship to protecting the public from secondary effects, or minors from inappropriate materials; and the ordinance deprives Plaintiff of Equal Protection of the Law by creating classifications with no rational basis.

38. The ordinance deprives Plaintiff and its customers of their privacy rights and their right to be free of government interference in the most personal aspects of their lives, and thus unconstitutionally infringes on their right to substantive due process of law.

FOURTH CAUSE OF ACTION

39. Plaintiff realleges and incorporates paragraphs 1 - 38, above, as if fully set forth herein.

40. Adult printed and recorded material, such as that proposed to be offered by Plaintiff for sale, is a form of expression protected by the First Amendment to the Constitution of the United States.

41. Ordinances, rule and regulations which restrict activities protected by the First Amendment, carry the burden of presumed constitutional invalidity.

42. Plaintiff clearly has the right to present and provide presumptively protected materials for its patrons and the public in general; and has a clear legal right to use and operate its business without interference by Defendant, its agents, servants or employees. Such lawful use may only be prevented, terminated or modified only after Plaintiff has been afforded due process of law, which due process is lacking in the actions of the Defendants designed to prohibit Plaintiff from opening its business.

43. Because the materials sought to be provided for sale by Plaintiff are protected by the First Amendment, any action to restrict that sale must contain adequate procedural safeguards. City officials may not unilaterally compel the cessation or prevent the initiation of First Amendment activities in the absence of a judicial order to that effect. The actions of Defendant, in imposing unlawful and unconstitutional prior restraints on Plaintiff, will deprive Plaintiff and its agents and employees, and the general public of rights guaranteed and protected by the Constitution of the Untied States.

44. Current actions of the City of Collinsville are specifically designed to prohibit the sale of constitutionally protected materials, and are not designed for any lawful purpose, such as the suppression of secondary effects. In fact, the ordinance has no relation whatsoever to the suppression or prevention of secondary effects, as it is not designed to apply to situations where such effects are, or may be, likely to be found. The actions of Defendants are thus an unconstitutional prior restraint.

FIFTH CAUSE OF ACTION

45. Plaintiff realleges paragraphs 1-44 above, as if fully set forth herein.

46. While purporting to be a measure designed to guarantee equal treatment for various vendors, the actions of the City council have effectively eliminated legally permissible opportunities to sell constitutionally protected material. The ordinances, rules and regulations totally impair the public's access to such materials, and the constitutionally protected expression which they contain. Thus, the actions of Defendants fail to allow reasonable alternative means of expression.

SIXTH CAUSE OF ACTION

47. Plaintiff realleges and incorporates paragraphs 1-46, above, as if fully set forth herein.

48. Plaintiff is the beneficial leaseholder of the property specifically described herein.

49. Use of the rules, regulations and ordinances as set forth above constitute a constructive taking of the property interests of Plaintiff in the real property and in the business

property, which taking is predicated on the arbitrary and capricious characteristics of the rules, regulations and ordinances.

50. The taking herein described infringes on the use and value of Plaintiff's business property to such an extent that it is tantamount to a taking. The taking of the property is arbitrary and capricious and has no substantial relation to the public health, safety, morals or general welfare. The taking is without compensation and without due process of law.

51. Plaintiff has invested considerable sums of money to set up its business, prepare the property, start construction, purchase signs, and engage in other endeavors in furtherance of the establishment of a First Amendment protected business on the property at issue.

52. The actions of Defendants do not merely prohibit the sale of constitutionally protected materials. The mere presence of even a small percentage or quantity of such materials prohibits Plaintiff from doing <u>any</u> business, and prohibits zoning clearances, building permits, and occupancy permits. Thus the

presence of a small number of items objectionable to the City, if such items are part of the "regular" business activity of Plaintiff, prohibits all business activities by Plaintiff, and constitutes a taking of its business property without due process of law.

53. The City Ordinance which defines a business as "adult" and subject to severe regulation based on a mere 5% of its merchandise is an unconstitutional prior restraint on Plaintiff's free speech rights; and the ordinance is facially overbroad.

SEVENTH CAUSE OF ACTION

53. Plaintiff realleges and incorporates paragraphs 1-52, as if fully set forth herein.

54. The actions of Defendants are specifically designed as censorship, and have no independent validity. Thus the actions of the City are subject to "strict scrutiny" as violative of the First Amendment to the United States Constitution.

55. The actions of Defendants are invalid under the "rational basis test" or the "intermediate scrutiny test"

enunciated by the United States Supreme Court in United States v. O'brian, 391 U.S. 367 (1968).

56. The ordinances and regulations at issue here do not serve a "substantial governmental interest." They merely serve as a censorship device unrelated to urban planning and zoning concerns, and unrelated to concerns over the quality of urban life.

57. The ordinances and regulations at issue in this action are not unrelated to the suppression of free expression; and the effect on free expression is more than incidental.

58. The ordinances and regulations of Defendant City infringe on First Amendment freedoms in a manner "greater than essential to the furtherance of" valid City interests.

EIGHTH CAUSE OF ACTION

59. Plaintiff realleges paragraphs 1-58, as if fully set forth herein.

60. The ordinances and regulations of Defendant City do not contain adequate procedural safeguards in that they do not allow for a prompt decision by a decision making authority, a prompt

and adequate appellate procedure, and prompt and adequate access to the Courts as previously required by the United States Supreme Court.

NINTH CAUSE OF ACTION

61. Plaintiff realleges paragraphs 1-60 as though fully set forth above.

62. The rules, regulations, ordinances and enforcement thereof by the City of Collinsville City single out businesses which deal with adult materials for special treatment, based on improper predicates, including invalid assumptions of wrongful conduct, decrease in property values, increase in crime, and other alleged “secondary effects”. Other land uses have secondary effects substantially greater than those which the city attempts to control here. Yet these other uses are not subject to the requirements that the city imposes on this business.

63. The ordinances and regulations deny Plaintiff, its employees, and the public at large equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

64. Because of the violation of the constitutionally-guaranteed rights of the Plaintiff, said Plaintiff has found it necessary to retain attorneys to bring this action. Plaintiff is entitled to an award of a reasonable attorney's fee pursuant to 42 U.S.C. ' 1988.

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. That this Court grant temporary and permanent injunctive relief against the City of Collinsville, and its executive authority, from enforcing arbitrarily denying Plaintiff a business license without Due Process of Law; from enforcing rules, regulations or ordinances resulting in irreparable harm and damages as a result of the actions of Defendant, violating constitutional rights as set forth above, all of which actions are under color of state law.

2. For damages in an amount to be proved at trial for arbitrary and capricious enforcement and enactment of rules, regulations and ordinances designed to unconstitutionally deprive Plaintiff of its property and First Amendment rights.

3. For an award of attorneys fees as provided by 42 U.S. § 1988.

JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

DATED this _____ day of March, 2017.

W. ANDREW MCCULLOUGH, L.L.C.
6885 S. State St., Suite 200
Midvale, Utah 84047
Telephone: (801)565-0894
Wandrew48@ymail.com

ATTORNEY FOR PLAINTIFF